STATE, use of LEWES et al *vs.* THOMAS W. RECORDS.

A mere stay of execution process, without fraud, will not destroy the levy.
The sheriff is bound to return executions on the first day of the term; and his liability attaches then, though the return be made afterward.
An execution cannot be put in evidence, without the judgment.

THIS was an action on the sheriff's recognizance, for a false return of "nulla bona" to an execution, at the suit of T. Lewes et al, against John H. Ellegood. The execution was dated April 3, 1844, being No. 378, to April term, 1844, returnable to that term, and was returned "nulla bona" on the 11th of April, 1844.

The plaintiff proved a levy to the amount and closed.

*Mr. Cullen* moved a nonsuit.

*Cullen.*—Thomas W. Records, as sheriff, gave a recognizance, on the 12th of April, 1843; he gave another recognizance on the 9th of April, 1844. This writ was issued the 3d of April, 1844, and delivered to the sheriff; he made return on the 11th of April, 1844, of "nulla bona," which return is the foundation of this suit. It is, therefore, not on the proper recognizance.

*Saulsbury.*—The suit is on the first recognizance; the breach is, that the sheriff did not execute his duty by levying the money under the execution, and also for making a false return of the writ. It was, therefore, a violation of his duty under the first recognizance as well as the second, and they have taken issue on this breach.

*Bayard.*—When did this right of action accrue? Not until the writ was returnable. No suit could be brought until then. This suit is founded on the return which is said to be false; and at that time the second recognizance was taken, and the first one out of force. The violation of duty was after the second recognizance was taken.

*Court.*—The execution was put into the sheriff's hands to be executed on the 3d of April, 1844, during the continuance of the first recognizance, and it was returnable on the first day of the term next following the date, viz: 8th of April, 1844. By indulgence of the court the sheriff has until the second day to make actual return, but it is his duty to return on the first day of the court, and the return must be regarded as made on that day; because after that day he has no authority to do any act under that writ, and the sureties in the recognizance taken subsequently, could not be liable for the previous neglect of duty.                    Nonsuit refused.

The defence then proceeded to show that the money levied was applicable to prior executions, and offered in evidence sundry justice's executions against John H. Ellegood.

*Mr. Saulsbury* objected to the executions as evidence, unless the judgments were produced.

*Mr. Cullen* insisted.

*The Court* required the production of the judgments. The plea is that the sheriff was not guilty, because the defendant had no goods but such as were covered by prior valid and binding executions.— The validity of these executions depends on the judgments, which may appear to have been satisfied, or reversed, or dead. These ought to be produced, as the foundation of the executions.

The defence produced the judgments. One of them was dated in 1839, and the levy remained undisposed of until 1844.

*Mr. Saulsbury* asked the court to charge that a levy in 1839, not disposed of until 1844, had lost its lien.

*Bayard,* contra.—The execution does not lose its preference, unless fraud be shown. A stay does not deprive an execution of its priority. [3 *Harr. Rep.* 484.] A stay of execution does not make it lose its lien, unless it is kept running for fraudulent purposes.

Verdict for defendant.

*Saulsbury,* for plaintiff.

*McFee, Houston, Cullen* and *Bayard,* for defendant.